IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| AMBER HEAD, | § | |
| LESTER LEE TUCK III, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Cause No. 7:15-cv-208 |
| | § | |
| FLORIO HOLDINGS, LLC, | § | |
| d/b/a FLORIO LAND SERVICES, and, | § | |
| CHASE B. FLORIO, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6),
AND IN THE ALTERNATIVE,
MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e)**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants Florio Holdings, LLC, d/b/a Florio Land Services, and Chase B. Florio (collectively "Defendants") and file this, their Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6), and In the Alternative, Motion for a More Definite Statement Pursuant to Rule 12(e), and in support thereof would show unto the Court as follows:

## I.
## INTRODUCTION

1. This is a suit for damages for alleged violations of the Fair Labor Standards Act ("FLSA"). Specifically, Plaintiffs allege Defendants failed to pay overtime due and owing to Plaintiffs. *See* Plaintiffs' Complaint, ¶¶ 18-25.

# II.
# SUMMARY OF THE ARGUMENT

2. Plaintiffs fail to meet their pleading burden to allege facts showing a claim for relief which is plausible on its face under the FLSA. The facts alleged are insufficient to show the relationship between Plaintiffs and Defendants was an employer/employee relationship subject to the provisions of the FLSA. Further, Plaintiffs have failed to allege particularized facts to establish Defendants were engaged in interstate commerce. Plaintiffs' Complaint merely contains conclusory statements without any factual allegations in support thereof.

# III.
# MOTION TO DISMISS STANDARD

3. Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the Supreme Court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(abrogating *Conley v. Gibson*, 355 U.S. 41 (1957). Further, in *Ashcroft v. Iqbal*, the Supreme Court confirmed that the plaintiff is required to plead more than 'unadorned" accusations. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

# IV.
# ARGUMENT AND AUTHORITIES SUPPORTING DISMISSAL

A. **No Facts Plead to Support Employer/Employee Relationship**

4. It is well established that to be bound by the requirements of the FLSA, there must be an employer-employee relationship. *See* 29 U.S.C. § 206-207. Plaintiffs have failed to plead sufficient facts in support of their contention that Defendants were Plaintiffs' employers.

Plaintiffs make the conclusory allegation that Defendant Florio was an employer of Plaintiffs as defined by 29 U.S.C. § 203(d), but offer insufficient factual allegations in support thereof. Plaintiffs also offer the formulaic recitation that "Defendants were the employer of the Plaintiffs and, as a matter of economic reality, Plaintiffs were dependent upon Defendants for their employment", however Plaintiffs fail to offer any facts to support this conclusory allegation. As Plaintiffs have failed to plead sufficient facts to support the allegation that Defendants were employers of Plaintiffs, Plaintiffs' Complaint should be dismissed.

**B.      No Facts Plead to Support Application of the FLSA**

5.     Plaintiffs have failed to plead sufficient facts regarding the applicability of the FLSA to Defendants. The overtime provisions of the FLSA are limited in application, by their own terms, to employees engaged in commerce or the production of goods for commerce (individual coverage), or employed in an enterprise engaged in commerce or in the production of goods for commerce (enterprise coverage). 20 U.S.C § 203(b); *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir.), *cert denied*, 506 U.S. 915, 113 S.Ct. 323, 121 L.Ed.2d 243 (1992).

6.     Plaintiffs' Complaint fails to contain facts showing how they were engaged in interstate commerce. Additionally, Plaintiffs' Complaint contains only a formulaic recitation of the elements of "enterprise coverage." In the absence of any facts to support these conclusory allegations, Plaintiffs have failed to sufficiently plead enterprise coverage.

7.     As Plaintiffs have only asserted conclusory allegations regarding Defendants' and/or Plaintiffs' involvement in interstate commerce, Plaintiffs have failed to sufficiently plead application of the FLSA. As such, any facts plead by Plaintiffs fail to rise above mere speculation and do not meet the standard of sufficiency for a Federal Complaint and all claims should be dismissed.

## V.
## IN THE ALTERNATIVE,
## DEFENDANTS REQUEST A MORE DEFINITE STATEMENT

8. Alternatively, and only in the event the Court retains any claims, Defendants request that Plaintiffs replead. Plaintiffs have failed to allege enough facts to allow Defendants to prepare responsive pleadings. As it is their burden, Plaintiffs should replead to allege violations with sufficient specificity to allege a claim. Plaintiffs should be required to replead to state claims against the Defendants with specificity and if they cannot, those claims should be dismissed.

## VI.
## CONCLUSION AND PRAYER

9. The Court should dismiss the Plaintiffs' claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief could be granted. Defendants Florio Holdings, LLC, d/b/a Florio Land Services, and Chase B. Florio, pray that all of Plaintiffs' claims be dismissed as a result of Plaintiffs' failure to allege facts which would support any cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and that Plaintiffs take nothing by their claims and, in the alternative, grant Defendants' Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e).

Respectfully submitted,

By: /s/ Melinda D. Hamm
**Melinda D. Hamm**
State Bar No. 24059924
mhamm@cbtd.com

OF

COTTON, BLEDSOE, TIGHE & DAWSON
A Professional Corporation
P. O. Box 2776
Midland, Texas 79702
(432) 684-5782
(432) 682-3672 (Fax)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of January, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Charles L. Scalise
Daniel B. Ross
ROSS LAW GROUP
1104 San Antonio Street
Austin, Texas 78701

/s/ Melinda D. Hamm
Melinda D. Hamm