IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

AMBER HEAD,
LESTER LEE TUCK III,

    Plaintiffs,

v.                               C.A. No.:    7:15-cv-208-HLH

FLORIO HOLDINGS, LLC,
d/b/a FLORIO LAND SERVICES, and,
CHASE B. FLORIO,

    Defendants.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, AMBER HEAD and LESTER LEE TUCK III (hereinafter sometimes referred to collectively as "Plaintiffs"), by and through their undersigned counsel, hereby sue Defendants, FLORIO HOLDINGS, LLC, D/B/A FLORIO LAND SERVICES, and CHASE B. FLORIO (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof states as follows:

## INTRODUCTION

1.     This is an action by Plaintiffs against their former employers for unpaid overtime wages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiffs seek damages for unpaid overtime wages, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331 since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

**VENUE**

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Plaintiffs performed work for Defendants and incurred unpaid overtime wages while working in Odessa, Texas.

**THE PARTIES**

4. Plaintiffs are individuals residing in Odessa, Texas.

5. Plaintiff, AMBER HEAD, was employed by Defendants from approximately September 10, 2014, to May 31, 2015, as a "Landman." Some of Plaintiff's principle duties were to research land titles, abstracts companies, build and assemble abstracts, etc.

6. Plaintiff, LESTER LEE TUCK III was employed by Defendants from approximately September 10, 2014, to May 31, 2015, as a "Landman." Some of Plaintiff's principle duties were to research land titles, abstracts companies, build and assemble abstracts, etc.

7. Defendant, FLORIO HOLDINGS, LLC, D/B/A FLORIO LAND SERVICES, is a Limited Liability Company formed and existing under the laws of the State of Texas and operates an office in Ft. Worth, Texas.

8. Defendant, FLORIO HOLDINGS, LLC, D/B/A FLORIO LAND SERVICES, performs "land servicing" to the oil and gas industry. Defendant currently provides the following services: Abstracting; Lease Acquisition; Project Management; GIS Mapping; Curative; Acquisition Due Diligence; and, Right of Way.

9. Defendant, FLORIO HOLDINGS, LLC, D/B/A FLORIO LAND SERVICES, currently provides its services in the following states: Texas; Oklahoma; Kansas; New Mexico; Colorado; Wyoming; Ohio; and, Pennsylvania.

10. "Landmen" are the public facing (business) side of the oil, gas and mineral exploration and production team. They interact and negotiate directly with landowners to acquire oil and gas drilling leases on the behalf of oil and gas companies. Plaintiffs AMBER HEAD and LESTER LEE TUCK III, performed such services directly and on behalf of the Defendants as employees.

11. Defendant, CHASE B. FLORIO, is an individual residing in Ft. Worth Texas, and at all times material to this claim acted directly or indirectly in the interest of Defendant, FLORIO HOLDINGS, LLC, D/B/A FLORIO LAND SERVICES, in relation to Plaintiffs' employment and was substantially in control of the terms and conditions of the Plaintiffs' work. Defendant, CHASE B. FLORIO, was an employer of the Plaintiffs as defined by 29 U.S.C. §203(d).

12. Defendant, CHASE B. FLORIO, supervised and controlled Plaintiffs'

work schedule as well as the conditions of employment of the Plaintiffs. Defendant, CHASE B. FLORIO, determined the rate and method of payment for Plaintiffs. Moreover, Defendant, CHASE B. FLORIO, orchestrated the scheme to withhold overtime from the Plaintiffs alleged herein.

13. At all times material to this complaint, Defendants had employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiffs were employed.

14. At all times material to this complaint, Defendants employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

15. At all times material to this complaint, Defendants were an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

16. Defendants actively engage in the production, purchase and sale of gas, oil and minerals through the states listed in Paragraph 9, *supra*.

17. Defendants advertise their services via the internet. *See* http://www.florioland.com.html.

18. Defendant, FLORIO HOLDINGS, LLC, D/B/A FLORIO LAND

SERVICES' website states, with regard to the Landmen they employ:

> Florio Land Services provides the highest quality land services in the industry to our clients. Our team of landmen are highly experienced, knowledgeable and professional. Florio Land Services has the experience and integrity to handle all your land services needs. *See* http://www.florioland.com/about-us.html.

19. At all times material hereto Plaintiffs and Defendants collectively engaged in interstate commerce through the support functions they provided to the oil, gas and mineral industry.

20. Additionally, Plaintiffs performed work utilizing the channels of interstate commerce to communicate with persons or entities which were located outside of the state of Texas for interstate commerce and worked on or handled goods that were moving in interstate commerce, e.g., internet research, etc.

21. Moreover, Defendants clearly engage in interstate commerce by actively purchasing royalty interests, overriding royalty interests, and minerals through one of its subsidiaries, Florio Acquisitions, LLC. *See* http://www.florioland.com/minerals.html.

22. Based upon the totality of Defendants' operations, Defendants engaged in interstate commerce, operated a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

23. At all times material to this Complaint, Defendants were the employer of the Plaintiffs and, as a matter of economic reality, Plaintiffs were dependent upon Defendants for their employment.

24. Throughout the employment of Plaintiffs, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiffs at a rate not less than one and one-half times the regular rate for each hour in excess of 40 the Plaintiffs worked in a workweek.

25. Plaintiffs worked in excess of thirty (30) hours per week during each week of their employment with Defendants.

26. Defendants paid Plaintiff, AMBER HEAD, $350.00 per day, Monday through Friday. Defendants occasionally paid Plaintiff for Saturday, but never paid Plaintiff for work performed on Sunday. Defendants did not pay Plaintiff any additional premium for the work she performed in excess of forty (40) hours in a workweek.

27. Defendants paid Plaintiff, LESTER LEE TUCK III, $350.00 per day, Monday through Friday. Defendants occasionally paid Plaintiff for Saturday, but never paid Plaintiff for work performed on Sunday. Defendants did not pay Plaintiff any additional premium for the work he performed in excess of forty (40) hours in a workweek.

28. Defendants paid Plaintiffs on a semi-monthly basis.

29. Defendants used the pay scheme alleged herein to intentionally and willfully avoid paying Plaintiffs the correct amount overtime wages due to them as required by the Fair Labor Standards Act.

30. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as an employer under the FLSA.

31. Defendants acted willfully and failed to act reasonably to comply with the FLSA; therefore, Plaintiffs are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime wages pursuant to 29 U.S.C. § 216(b).

32. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

33. Plaintiffs are entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, AMBER HEAD, and LESTER LEE TUCK III, demand Judgment in their favor and against the Defendants, jointly and severally, for the following:

a. Unpaid overtime wages found to be due and owing;

b. An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e. For any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted, January 8, 2016.

ROSS LAW GROUP

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
Attorney-in-Charge
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio Street

Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawgroup.com